930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon PETTY, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 90-3712.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and McRAE, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Vernon Petty moves for the appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254.
 
 
 4
 Following a jury trial, petitioner was convicted of receiving stolen property, possession of criminal tools, and carrying a concealed weapon in the Cuyahoga County, Ohio, Court of Common Pleas on April 22, 1986. Petitioner was sentenced to terms of imprisonment of 2 years, 1 1/2 years, and 2 years, respectively, to be served consecutively. The Ohio Court of Appeals affirmed the convictions on direct appeal, and the Ohio Supreme Court denied leave to appeal.
 
 
 5
 Thereafter, petitioner filed his habeas petition in the district court, alleging: (1) improper testimony was admitted at trial; (2) cross-examination of a prosecution witness was impermissibly restricted; (3) a portion of petitioner's trial was conducted in absentia; (4) the prosecutor threatened to have a potential defense witness arrested if he appeared to testify; (5) the prosecuting attorney made an improper closing argument; (6) the Ohio receiving stolen property statute is unconstitutionally vague; (7) the jury was given a burden shifting possession of criminal tools instruction; (8) the indictment did not identify or define the word "firearm"; (9) the indictment was constructively amended at trial; (10) insufficient evidence supports petitioner's convictions; and (11) the trial court coerced the jury into reaching a verdict after it was deadlocked. The magistrate recommended that the petition be denied, and petitioner filed objections. The district court conducted a de novo review and dismissed the petition.
 
 
 6
 Upon consideration, the motion for the appointment of counsel is granted, and the judgment of the district court is affirmed for the reasons stated in its memorandum of opinion filed on July 11, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation